**O'HAGAN MEYER**
MARCUS LEE (Nevada Bar No. 15769)
E: MLee@ohaganmeyer.com
300 S. 4th Street, Suite 1250
Las Vegas, NV 89101
Telephone: 725.286.2801

*Attorney for Evercharge, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN KOSTINER | Case No. |
|       Plaintiff, | |
|    vs. | **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b) [DIVERSITY OF CITIZENSHIP]** |
| EVERCHARGE, INC., a Delaware Corporation; and DOES I through X; and ROE BUSINESS ENTITTIES I through X; inclusive, | |
|       Defendant. | |

**TO THE UNITED STATED DISTRICT COURT FOR THE DISTRICT OF NEVADA, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant EVERCHARGE, INC. ("EverCharge" or "Defendant"), by and through its counsel, hereby removes the above-entitled action from the District Court of Nevada, Clark County, to the United States District Court for the District of Nevada, based on federal diversity jurisdiction. Federal diversity jurisdiction exists under 28 U.S.C. Section 1332(a) because complete diversity of citizenship exists between Plaintiff KEVIN KOSTINER ("Plaintiff") and Defendant and because the amount in controversy exceeds $75,000.00 exclusive of interest and costs. EverCharge further states the following grounds for removal:

**JURISDICTION AND VENUE**

1.      Under 28 U.S.C. §§ 1441 and 1446, a defendant has a statutory right to remove a case from state court to the district and division of the United States District Court within which such state court action is pending where that case could have originally been filed in federal court.  The grant of this right is authorized, in part, by Article III, Section 2 of the United States Constitution, which extends judicial power of the federal courts to controversies "between citizens of different states."  28 U.S.C. § 1332.

2.      Removal is proper in this case because this court has original jurisdiction of this action in which there is complete diversity of citizenship between Plaintiff and EverCharge, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.  *See* 28 U.S.C.  1441.

**PROCEDURAL BACKGROUND**

3.      On March 15, 2025, Plaintiff filed his Complaint, titled *Kostiner v. EverCharge, Inc.*, in the Eighth Judicial District Court of Nevada against Defendant EverCharge. Service was completed on May 22, 2025.[1]

4.      Plaintiff's Complaint arises out of events related to his employment with EverCharge, Inc ("Defendant"). Plaintiff asserts the following causes of action against

---

[1] Plaintiff's Counsel attempted service with EverCharge's Service Processing Company, Corporation Trust Company ("CTC"), on March 20, 2025. CTC forwarded the Service of Process ("SOP") to an individual named James Patterson who was a partner at the firm Foley Hoag, LLP in Massachusetts. However, the SOP was never delivered to EverCharge at that time. It was not until Plaintiff's Counsel served EverCharge directly on May 22, 2025, that EverCharge became aware of the present action. Defendant has since contacted Foley Hoag and learned that James Patterson has been retired for quite some time. Consequently, Defendant also reached out to its senior level employees regarding their knowledge of James Patterson. None of the individuals contacted had any familiarity with James Patterson or the firm Foley Hoag. Thus, because EverCharge was not made aware of the current action until May 22, 2025, the service of process date has been calculated as May 22, 2025.

Defendant: (1) age discrimination in violation of NRS 613.330(1)(a); retaliation in violation of NRS 613.340; and Intentional Infliction of Emotional Distress. Plaintiff seeks general and special damages, attorney's fees, and punitive damages.

5. Pursuant to 28 U.S.C § 1446(a), Exhibit 1 to the Declaration of Christina Monzon-Le constitutes all process, pleadings, and orders that have been filed in the state court action.

## THE NOTICE OF REMOVAL IS TIMELY

6. This Notice of Removal is timely filed within 30 days after service of the Complaint on Defendant. Therefore, it is timely under 28 U.S.C § 1446.

## DIVERSITY OF CITIZENSHIP

7. Plaintiff is a citizen of Nevada. An individual's state citizenship is "determined by her state of domicile..." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with intention to remain or to which she intends to return. *Id.* at 157. A state of residence can typically be prima facie evidence of a plaintiff's domicile. *Bradley Min. Co. v. Boice*, 194 F.2d 80, 84 (9th Cir. 1951). Here, the Complaint alleges that Plaintiff "is resident of Las Vegas and was at all relevant times mentioned herein an employee at EverCharge." Therefore, Plaintiff is a citizen of California. Similarly, Plaintiff's registered address with EverCharge throughout his employment was in Henderson, Nevada.

8. Defendant is, and at all times alleged in the Complaint, a corporation, incorporated in Delaware, with its principal place of business in California. Under 28 U.S.C. § 1332 (c)(1), "a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business." The principal place

of business is determined by "the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination…" *Hertz Corp. v. Friend*, 559 U.S. 77, 92 (2010). At all relevant times, EverCharge's principal place of business and corporate headquarters has been located in Palo Alto, California. EverCharge's high-level corporate officers and executives, who are responsible for overseeing its activities, are located at its headquarters in Palo Alto, California. Accordingly, all of EverCharge's primary, executive, administrative, financial, policymaking, and management functions are performed in the State of California. Thus, EverCharge is a citizen of California.

9.      For purposes of removal based on diversity of citizenship, the citizenship of defendants sued under fictitious names is disregarded. 28. U.S.C. § 1441(b)(1). To Defendant's knowledge, no other defendant(s) have been either named or served in this action. Doe Defendants 1 to 20 and Roe Business Entities 1 to 20 are fictitious, are not parties to this action, have not been served, and, thus, are of no consequence for purposes of this removal.

10.      Because Plaintiff and Defendant are neither citizens nor residents of the same state, complete diversity between the parties exists.

**AMOUNT IN CONTROVERSY**

11.      The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is predicated upon diversity of citizenship jurisdiction must exceed $75,000, exclusive of interests and costs.

12.      When the complaint does not specify the amount in controversy, "the removing party must prove, by a preponderance of the evidence, that the amount in

controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). In determining whether the jurisdictional minimum has been met, the court should consider any result of litigation, including, compensatory damages, punitive damages, the cost of compliance with an injunction, and any attorneys' fees that would be awarded under relevant fee shifting statutes. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016).

13.    The amount in controversy may be satisfied based on "allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). A defendant may also use declarations to show the amount in controversy. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 374 (9th Cir. 1997) ("defense counsel submitted declarations to show the amount in controversy exceeded [the jurisdictional minimum]").

14.    This is an action which includes causes of action for discrimination, retaliation, and intentional infliction of emotional distress through which Plaintiff seeks economic damages, emotional distress damages, attorneys' fees, and punitive damages. (See Complaint, Prayer for Relief). If Plaintiff were to prevail at trial, he would be entitled to back pay, which is compensation equal to the amount he would have earned but for the adverse employment action. *Local Joint Exec. Bd. Of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1157 (9th Cir. 2001). Plaintiff would also be entitled to front pay, which provides compensation based on what Plaintiff would have earned from his employment after trial. *Pollard v. E. I. du Pont de Nemours & Co.*, 532 U.S. 843, 846 (2001).

15.     At the time of Plaintiff's layoff on April 8, 2024, Plaintiff's base salary of $180,000. Plaintiff's gross yearly pay varied based on bonuses, reimbursements, and commissions. While Defendant denies Plaintiff is entitled to recover damages, assuming *arguendo*, that Plaintiff is awarded back pay from April 8, 2024 (the date of his separation of employment with Defendant) through October 2026 (approximately one year and a half from the date of removal), Plaintiff's back pay award could be at least $270,000.

16.     In addition, Plaintiff seeks future economic damages. Conservatively estimating a front pay award of one year would total an additional $180,000. Consequently, a reasonable estimate of Plaintiff's potential award of back and front pay totals approximately $450,000, which on its own exceeds the $75,000 amount in controversy.

17.     In addition to lost wages and other economic damages, Plaintiff also seeks emotional distress damages. Plaintiff alleges he suffers from "mental and emotional distress, crying attacks, embarrassment, mortification, shame, grief, feeling violated, having nightmares over what was done, being unable to sleep, indignity, humiliation, nervousness, tension, mental anxiety, recurring nightmares, depression and loss of enjoyment of life." (Complaint ¶ 45). Although Plaintiff does not state a specific dollar amount of damages he seeks for emotional distress, the Court may properly include these damages when determining whether the amount in controversy requirement has been met. *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("In determining the amount in controversy, the district court properly considered Kroske's interrogatory answers and emotional distress damages in similar age discrimination cases…"). Emotional distress damages in employment disputes regularly exceed the amount in controversy. *See, e.g., Dossat v. Hoffman La Roche Inc.*, 2012 U.S. Dist. LEXIS 153335 (2012) (reducing jury verdict award for an IIED claim from

$1,700,000 to $200,000 for a single plaintiff age discrimination, retaliation, and IIED case); *Dillard Dep't Stores, Inc. v. Beckwith*, 115 Nev. 372 (1999) (upholding jury verdict for $200,000 in compensatory damages on a claim for IIED for a single plaintiff constructive discharge and IIED case); *Vasquez v. Los Angeles County Metropolitan Transportation Authority*, Case No. BC484335, Los Angeles Superior Court, Nov. 12, 2012 (jury verdict awarding $1,250,000 for emotional distress in single plaintiff wrongful termination and disability discrimination case); *Campbell v. National Passenger Railroad Corp.*, 2009 WL 692094 (N.D. Cal., Mar. 3, 2009) (awarding $120,000 in non-economic damages in single plaintiff wrongful termination/retaliation case). Plaintiff's claim for emotional distress damages further supports the amount in controversy being met.

18.    Plaintiff also requests an unspecified amount of punitive damages. (Complaint Prayer for Relief). In addition to compensatory damages, Plaintiff's claims for punitive damages are part of the amount in controversy when determining diversity jurisdiction. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945-46 (9th Cir. 2001).

19.    In sum, although Defendant does not concede Plaintiff's claim has any merit, Plaintiff's Complaint makes certain that the amount in controversy for Plaintiff's claims more likely than not exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs. Thus, the Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 United States Code Section 1332(a)(1).

### OTHER PROCEDURAL REQUIREMENTS

20.    Defendant will promptly give Plaintiff's counsel written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk

of Courts for the Eighth Judicial District Court, wherein this action is currently pending, as required by 28 U.S.C. § 1446(d).

21. If any questions arise to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

**CONCLUSION**

WHEREFORE, Defendant respectfully requests, pursuant to 28 U.S.C §§ 1331, 1332, 1441, that the above-captioned action pending before the District Court of Nevada, Clark County be removed to the United States District Court for the District of Nevada.

Dated this 20th day of June, 2025

O'HAGAN MEYER

By      */s/ Marcus Lee*
MARCUS LEE
Nevada Bar No. 15769
300 S. 4th Street, Suite 1250
Las Vegas, NV 89101
Tel. 725.286.2801

*Attorney for Evercharge, Inc.*

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of O'HAGAN MEYER, and that on this 20th day of June, 2025, I electronically filed and served the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court through Case Management/Electronic Filing System as follows:

Michael P. Balaban
NV Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV 89141
T: 702.586.2964
E: mbalaban@balaban-law.com

*Attorney for Plaintiff*

By  */s/ Krystle Platero*
An Employee of O'HAGAN MEYER